**WEN HU ZHENG, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

**No. 05–70794.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.\*\*

Filed Jan. 18, 2008.

Thomas V. Massucci, Law Office of Thomas V. Massucci, New York, NY, Mor-

---

\* Michael B. Mukasey, Attorney General of the United States, is substituted for his predecessor, Alberto R. Gonzales, Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

ry Cheng, Esq., Law Office of Morry Cheng, New York, NY, for Petitioner.

. CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lawrence E. Kole, Esq., Office of the U.S. Attorney, Santa Ana, CA, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM ***

Wen Hu Zheng, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' (BIA) denial of his application for asylum, withholding of deportation, and protection under the Convention Against Torture.[1] We deny the petition.

 We have jurisdiction under 8 U.S.C. § 1252. The BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992). "It can be reversed only if the evidence presented . . . was such that a reasonable

factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn denial of relief, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

Putting the IJ's adverse credibility determination aside,[2] Zheng nonetheless fails to establish that he suffered past persecution or that he has a well-founded fear of future persecution.

Zheng claims that he was beaten up by the birth planning team when they came to his house looking for his wife. However, that alleged incident was unrelated to Zheng's refusal to undergo sterilization. Zheng's fear of persecution is based on his claim that after his son was born, he went to register him and was asked to be sterilized. In response, Zheng pretended to consent. There is no evidence of any subsequent steps by the government.

According to China's 1998 country conditions profile, in the Fujian Province the policy limiting the number of children is loosely applied. Also, the report states that while officials may employ strong persuasion, there were no cases of use of physical force in connection with sterilization. Zheng's being asked to undergo sterilization, without more, is not persecution. His asylum petition was properly denied.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, Treaty Doc. No. 100–200, 1465 U.N.T.S. 85. The Convention Against Torture is implemented at 8 C.F.R. § 208.18.

2. With respect to the inconsistencies supporting his adverse credibility determination, the IJ stated that "none of the . . . inconsistencies alone would lead this Court to conclude that Respondent was not credible," but in the aggregate they did. Since some of the issues cited by the IJ are not supported by the record (e.g., Zheng's statements about his wife's heart condition were not inconsistent, his statements about why the officials wanted his wife to have an abortion and the legal age for marriage were not material to the asylum claim), their aggregate weight is lost, and the credibility determination may not stand.

Because he failed to meet the standard for asylum, Zheng's petition for withholding of removal is also denied. *Ghaly*, 58 F.3d at 1429.

■ Finally, given that Zheng does not have a well-founded fear of persecution, the record does not compel the determination that it is more likely than not that Zheng will be tortured in China.[3] Therefore, he is not entitled to relief under the Convention Against Torture. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006).

**PETITION DENIED.**

---

**3.** Zheng also fails to meet his burden of proving that he would be unable to live elsewhere in China safely, *see Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir.2006); in fact, Zheng was able to live safely at his in-law's house, in the same province, for four months.

